NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEMMINGWAY MUKORA SAISI, | Civil Action No. 16-5064 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| CAROLYN MURRAY, et al., | |
| Defendants. | |

**CECCHI, District Judge:**

*Pro se* Plaintiff Hemmingway Mukora Saisi files the instant Complaint pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights by Defendants, stemming from unspecified state court criminal prosecutions and eventual convictions. Presently before the Court are six motions to dismiss by all but one defendant, seeking to dismiss all claims against them (collectively referred to as "Motions"). (ECF Nos. 9, 11, 13, 14, 20 & 23). For the reasons stated below, the Court grants all six motions.

## I.  FACTUAL BACKGROUND

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. To begin, the Complaint is devoid of almost any factual allegations to support the claims Plaintiff raises. Indeed, the bulk of the Complaint merely lists the sixteen named defendants, their job titles, and their addresses, without any factual allegations as to how each of them were related to the claims he raises, or how each of them allegedly violated his rights. Plaintiff asserts that the incidents complained of occurred from "March 29[], 2004 thru Oct. 24, 2007, May 9[], 2008 thru Dec. 31[], 2014 and still continuing[,]"

(ECF No. 1 at 5), even though he provides no details of what those incidents are. Furthermore, although Plaintiff asserts that he was falsely arrested, prosecuted, incarcerated, and tortured, there are no factual allegations stating what he was arrested or convicted for—the few factual allegations Plaintiff does allege only state that *he* was the victim of a deadly assault, (*see id.*), which, of course, cannot be the reason for his arrest, prosecution, and conviction/incarceration. Plaintiff does mention, however, that he filed a federal habeas petition, and a search of this District's dockets reveals that habeas petition. (*See Saisi v. N.J. Parole Bd.*, No. 08-6043 (D.N.J. filed Dec. 10, 2008)). According to Plaintiff's amended habeas petition, Plaintiff was convicted in a jury trial of reckless manslaughter and sentenced to four years' imprisonment on July 26, 2005. (*Id.*, ECF No. 9 at 2).

This search also revealed that Plaintiff filed another § 1983 suit in 2015. (*See Saisi v. Jersey City Police Dep't*, No. 15-2021 (D.N.J. filed Mar. 19, 2015)). Plaintiff was granted *in forma pauperis* status in that case, and the Honorable Stanley R. Chesler, the presiding judge, dismissed the complaint on screening. (*See id.*, ECF Nos. 3 & 4). As Judge Chesler summarized:

> The Complaint asserts that a number of Plaintiff's constitutional rights were violated when he was allegedly falsely arrested and maliciously prosecuted for an unspecified offense. Saisi claims that he was deprived of a fair trial due to the fabrication and withholding of evidence and that he was not provided with a meaningful defense against the charges. Plaintiff further alleges that he was tortured while incarcerated. Moreover, according to Plaintiff, who states he is a citizen of Kenya, his arrest and other alleged wrongs committed against him were motivated by his African race and nationality. The Complaint identifies two dates as those giving rise to Plaintiff's claims: March 29, 2004 and May 9, 2008. It names a number of entities and one individual as Defendants. They are as follows: Jersey City Police Department, Hudson County Prosecutor's Office, Attorney Anthony R. Gualano, New Jersey Department of Corrections, Ann Klein Forensic Center, West Orange Police Department, Essex County Department of Corrections, Essex County Prosecutor's Office, Office of the Public Defender and the State of New Jersey.

(*Id.*, ECF No. 3 at 2). Beyond the mention of the December 31, 2014 date as indicated above, it appears that the instant Complaint is substantially the same as the one Plaintiff filed in 2015. Judge Chesler dismissed the Complaint on several grounds: (1) the Complaint lacked sufficient factual allegations to state a cognizable claim; (2) to the extent Plaintiff's claims were premised on the unlawfulness of his state conviction, they were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) the claims were untimely. (*See Saisi v. Jersey City Police Dep't*, No. 15-2021, ECF No. 3 at 4-6).[1]

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted); *see Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). On a motion to

---

[1] Defendant Anthony R. Gualano's motion provides additional background information about Plaintiff's claims. Gualano was Plaintiff's defense attorney for the manslaughter charge. (ECF No. 11-1 at 6). As can be reasonably inferred from the facts summarized in the factual background, and corroborated by Gualano, the first time period mentioned in the Complaint, March 29, 2004 to October 24, 2007, was the period Plaintiff was incarcerated for his manslaughter charge and conviction. (*Id.*). The second time period, May 9, 2008 to December 31, 2014, appears to be the period that Plaintiff was incarcerated for a different charge and conviction, which according to Gualano was for making a terroristic threat against Gualano. (*Id.* at 7).

3

dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

The moving defendants argue that the Complaint fails to state a claim against any of them. The Court agrees. Although Plaintiff argues strenuously that the Complaint need not provide detailed factual allegations, it does not mean that the Complaint need not provide *any* factual allegations. As is clear from the Court's summary above, the Complaint is so lacking in factual allegations that the Court could not piece together the circumstances surrounding Plaintiff's claims until the Court looked outside of his pleading, by examining his prior habeas petition, his prior § 1983 lawsuit, and representations by the moving defendants. To be clear, the Court does *not* rely on the truth of any of those facts in deciding the Motions, but they serve to highlight the inadequacies of the Complaint. Federal pleading rules "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff does not even state in the Complaint the actual charges and convictions he is challenging, so the Court fails to see how he believes the Complaint gives fair notice to the moving defendants, or how it raises a right to relief above the speculative level. Plaintiff essentially asks this Court to take his claims of false arrest, malicious prosecution, false

imprisonment, and torture, on faith, without requiring him to explain why his claims are meritorious. On that basis alone, the Court grants the Motions and dismisses all claims against the moving defendants. *See Badia v. Warden, HCCC*, No. 10-5662, 2011 WL 221709, at *3 (D.N.J. Jan. 19, 2011) (finding that a § 1983 complaint should specify "the who, what, when, where, and how: the first paragraph of any newspaper story"). However, in the interest of justice, Plaintiff may amend the Complaint within 30 days to cure the defects identified herein. Although the Court does not decide the other defenses raised by the moving defendants, it is in Plaintiff's best interest to address those issues in his amended pleading, lest risk having his claims dismissed again under those defenses.

As the Court noted above, one defendant did not respond to the Complaint—the Honorable Loretta E. Lynch, the Attorney General of the United States during the time complained of in the Complaint. However, it appears there is a very good reason for this, because Plaintiff failed to properly serve her. Under Federal Rule of Civil Procedure 4(i), to properly serve an officer of the United States, a plaintiff must serve (1) the Attorney General of the United States, (2) the United States Attorney for the district where the action is brought, *and* (3) the officer herself. Fed. R. Civ. P. 4(i)(3). In Lynch's case, (1) and (3) are the same because at the time the Complaint was filed, Lynch was still the Attorney General of the United States. However, Plaintiff only provides proof of service on Lynch in the form of a certified mail receipt to Lynch herself, (ECF No. 8 at 4), but there is no proof of service to the United States Attorney of this District. Thus, service on Lynch appears to be defective. Accordingly, Plaintiff is hereby directed to, within 30 days, provide proof of proper service on Lynch during the Rule 4(m) service period, and failure to provide such proof will result in the dismissal of Lynch and all claims against her.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS all motions to dismiss filed by the moving defendants. Plaintiff shall have 30 days to (1) amend the Complaint, and (2) show that service was properly effectuated on Defendant Loretta E. Lynch.

<u>    s/Claire C. Cecchi    </u><br>
**Claire C. Cecchi, U.S.D.J.**

Dated: August 25, 2017