NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEMMINGWAY MUKORA SAISI,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN MURRAY, et al.,<br><br>    Defendants. | Civil Action No. 16-5064 (CCC)<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the Complaint filed by Plaintiff Hemmingway Mukora Saisi ("Plaintiff"), asserting claims under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights by Defendants. Upon motions by Defendants, the Court dismissed all claims except those against Defendant Loretta E. Lynch. (ECF No. 28). The Court allowed Plaintiff to amend the Complaint, and directed Plaintiff to provide proof of service upon Lynch. (*Id.*). Plaintiff filed an Amended Complaint, (ECF No. 35), but did not provide proof of service upon Lynch. Presently before the Court are motions to dismiss by various Defendants, seeking dismissal of claims in the Amended Complaint. (ECF Nos. 37, 38, 43, 44). For the reasons stated below, the motions to dismiss are granted.

Defendants assert that the Amended Complaint fails to state a claim upon which relief may be granted, and the Court agrees. As the Court found in its previous opinion, Plaintiff's claims appear to arise out of state criminal prosecutions that occurred from "March 29[], 2004 thru Oct. 24, 2007, May 9[], 2008 thru Dec. 31[], 2014 and still continuing." (ECF No. 27 at 2). However, Plaintiff provided no factual allegations to support his claims, which necessitated dismissal. (*Id.* at 6). The Court also noted that in a previous complaint Plaintiff filed not before this Court, he asserted similar claims, but those claims were found to be untimely and barred by *Heck v.*

1

*Humphrey*, 512 U.S. 477 (1994). (ECF No. 27 at 3 (citing *Saisi v. Jersey City Police Dep't*, No. 15-2021 (SRC), ECF No. 3 at 4-6)).

In the Amended Complaint, Plaintiff explicitly states that his claims arise out of a criminal prosecution that began in March of 2004 and ended in October of 2007 with a conviction, and another criminal prosecution that began in May of 2008 and ended in October of 2014, also with a conviction. He alleges that he was falsely prosecuted, convicted, and imprisoned. To the extent Plaintiff is asserting malicious prosecution claims, his claims fail. Malicious prosecution claims require a showing that the prosecution ended in Plaintiff's favor, *see Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009), which Plaintiff cannot show, as he was convicted in both aforementioned proceedings. To the extent Plaintiff asserts that he was falsely convicted and imprisoned in both cases, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. Again, Plaintiff cannot make the requisite showing because he was convicted, and he does not assert that either conviction has been invalidated or expunged.

Plaintiff also asserts a claim for ineffective assistance of counsel against his former criminal defense attorney, Defendant Anthony R. Gualano. In his motion to dismiss, Gualano asserts, among other defenses, that the Amended Complaint fails to state a claim against him because it does not explain how Gualano was ineffective.[1] The Court agrees, as the Amended

---

[1] The Court notes that Gualano does not raise the defense that he cannot be sued under § 1983 as a private attorney. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 113 (3d Cir. 2014) ("[P]rivate defense attorney cannot be construed as a person acting under the 'color of state law'

2

Complaint contains no factual allegations regarding Gualano's ineffective assistance. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations omitted); *Badia v. Warden, HCCC*, No. 10-5662, 2011 WL 221709, at *3 (D.N.J. Jan. 19, 2011) (finding that a § 1983 complaint should specify "the who, what, when, where, and how: the first paragraph of any newspaper story") (citations omitted). Plaintiff attempts to cure this defect in his reply, by including a list of factual allegations detailing Gualano's errors, (*see* ECF No. 45 at 2-5), but this Court is not obligated to "to accept assertions in a brief without support in the pleadings. After all, a brief is not a pleading." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015).

As such, the Court finds that the Amended Complaint does not state a claim upon which relief may be granted. Accordingly, Defendants' motions are granted, and all claims against them are dismissed. Furthermore, because Plaintiff did not provide proof of service upon Lynch, the claims against her are also dismissed. *See* Fed. R. Civ. P. 4(m) (stating that if a defendant is not served within time, the Court may on its own, after notice to the plaintiff, dismiss the action against that defendant without prejudice). Having dismissed all claims, the Amended Complaint is dismissed.

In the interest of justice, the dismissal is without prejudice, and Plaintiff shall have 30 days to amend the pleading to cure the defects identified herein. The Court cautions that this is Plaintiff's last chance to amend, and failure to amend or state a valid claim will result in a dismissal

---

within the meaning of § 1983.") (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 317-25 (1981)); *Bullock v. Sloane Toyota Inc.*, 415 F. App'x 386, 389 (3d Cir. 2011) (holding that a private attorney was not liable under § 1983 because the plaintiff had not set forth any facts to demonstrate that her attorney was a state actor or acted under the color of state law). Nonetheless, in light of Plaintiff's *pro se* status, the Court cautions Plaintiff to consider this argument in the event he files an amended complaint.

3

*with prejudice*. *See Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at * 7 (D.N.J. Nov. 21, 2014) (dismissing with prejudice after having afforded plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (same); *Thompson v. Keystone Human Servs. Corp.*, No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

Accordingly **IT IS** on this __29__ day of __May__, 2018,

**ORDERED** that the motions to dismiss, ECF Nos. 37, 38, 43, and 44, are hereby **GRANTED**; it is further

**ORDERED** that all claims in the Amended Complaint are hereby **DISMISSED WITHOUT PREJUDICE**, and the Amended Complaint is hereby **DISMISSED**; it is further

**ORDERED** that Defendant Loretta E. Lynch is hereby **DISMISSED** from the case; it is further

**ORDERED** that Plaintiff shall, within 30 days of this Memorandum Opinion and Order, amend his pleading to cure the defects identified herein; failure to amend or otherwise cure the defects will result in a dismissal *with prejudice*; it is further

**ORDERED** that, for docket management purposes, the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; the Clerk will be directed to reopen the case once an amended pleading is filed; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular mail and shall **CLOSE** the file.

Claire C. Cecchi, U.S.D.J.

4