**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HEMMINGWAY MUKORA SAISI, | Civil Action No. 16-5064 (CCC) (JBC) |
| Plaintiff, | |
| v. | OPINION |
| CAROLYN MURRAY, *et al.*, | |
| Defendants | |

**CECCHI, District Judge.**

This matter comes before the Court on the complaint filed by Plaintiff Hemmingway Mukora Saisi ("Plaintiff"), asserting claims under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights. Presently before the Court are two motions to dismiss by all remaining Defendants ("Motions to Dismiss"), (ECF Nos. 57, 58), seeking to dismiss Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 49.) For the reasons stated below, the Motions to Dismiss are granted.

I. **BACKGROUND**

For the purposes of this Opinion, the Court accepts all facts alleged in the SAC as true, and in the light most favorable to Plaintiff. Plaintiff raises claims against only four Defendants out of the original sixteen: Carolyn Murray, Michael Marucci, Elizabeth Connolly, and Alfaro Ortiz. Plaintiff's claims arise out of his confinement as a pretrial detainee between May 9, 2008, and December 31, 2016, when he was incarcerated in Essex County Jail and Ann Klein Forensic Center. (ECF No. 49 at 3–4.) While the SAC is not a model of clarity, Plaintiff appears to allege claims related to his conditions of confinement and a claim of conspiracy. He explains that

Defendants Murray and Marucci "conspired with the other defendants by using psychologists to diagnose [Plainitff] with mental diseases" and forced him to take debilitating psychotropic medications. (*Id.* at 6.) He explains that he was attacked by other patients and restricted to his cell for 23 hours a day. (*Id.* at 8.) He further states that he was subjected to excessive force, verbal abuse by staff, sleep deprivation, and he was placed in a cell without water, a mattress, blanket or a working toilet. (*Id.*) Plaintiff states that the Defendants had "a gainful arrangement" to shuffle him between the two jails. (*Id.* at 9.) While at Essex County Jail, Plaintiff states that he experienced numerous harms: he was kept in solitary confinement for 23 hours a day, he was beaten by inmates and guards, he was placed in cells with feces and no water, he was denied medication, and denied other basic necessities. (*Id.* at 9–10.) Overall, Plaintiff argues that he was intentionally found to be mentally ill, as punishment for his refusal to plead guilty, and that Defendants Connolly and Ortiz should be liable under the theory of *respondeat superior* for being in charge of the agencies that caused the harms. (*Id.* at 2, 11–13.) In addition, he argues that he was discriminated against on the basis of his African origin and was subjected to excessive bail. (*Id.* at 2.) Plaintiff seeks damages and declaratory relief. (*Id.* at 13.)

Plaintiff filed his original Complaint in August of 2016. (ECF No. 1.) Upon motions by Defendants, the Court dismissed all claims except those against Defendant Loretta E. Lynch. (ECF No. 28). The Court allowed Plaintiff to amend the Complaint, and directed Plaintiff to provide proof of service upon Lynch. (*Id.*) Plaintiff filed an Amended Complaint in September 2017, (ECF No. 35), but did not provide proof of service upon Lynch. Defendants filed motions to dismiss Plaintiff's amended complaint, which the Court granted in May 2018. (ECF No. 48.) The Court dismissed the amended complaint without prejudice, but cautioned that Plaintiff would be given one final opportunity to amend, and that failure to raise a valid claim would result in a

dismissal *with prejudice*. (*Id*. at 4.) On or about June 4, 2018, Plaintiff filed his SAC alleging claims against four of the original sixteen defendants. (ECF No. 49.) In response, Defendants filed their Motions to Dismiss (ECF Nos. 57, 58), Plaintiff filed a Response (ECF No. 59), and Defendant Ortiz filed a Reply. (ECF No. 60.)

## II. LEGAL STANDARD

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted); *see Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

### A. Defendant Alfaro Ortiz

Defendant Alfaro Ortiz is the Director of the Essex County Jail. (ECF No. 57-1 at 7). Plaintiff's allegations against Defendant Ortiz are (1) based on the doctrine of *respondeat superior*, for his failure to properly train and supervise his employees and for being in "charge of agencies that allowed this to happen," (ECF No. 49 at 2, 13), and (2) based on an alleged conspiracy between Defendant Ortiz and the other named Defendants to deliberately engage in the alleged conduct. *See* (ECF No. 49 at 12-13).

#### a. *Respondeat Superior Claims*

In his Motion to Dismiss, Defendant Ortiz argues that he lacked personal involvement in the alleged harms. (ECF No. 57-1 at 7–10.) The Court agrees that personal involvement in the alleged harms has not been sufficiently alleged in the Complaint. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotation and citation omitted); *see also Hodges v. Mankey*, 651 F. App'x 81, 83 (3d Cir. 2016) ("Defendants in civil rights actions 'must have personal involvement in the alleged wrongs'; any liability cannot be based only on respondeat superior.") (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

The Third Circuit has found that a supervisor can be liable for acts of subordinates where "he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warminster Tp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). "[W]here a supervisor with authority over

4

a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in . . . the subordinate's conduct." *Bennett v. Washington*, 2015 WL 731227, at *11 (E.D. Pa. Feb. 19, 2015) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co v. White*, 584 U.S. 53 (2006)). To sufficiently allege knowledge and acquiescence, a Plaintiff must provide facts suggesting that the defendant supervisor "had contemporaneous, personal knowledge of [the alleged violation(s)] and acquiesced in it." *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and persons responsible").

The conclusory statements in the Complaint fail to meet the standards outlined above. *See Twombly*, 550 U.S. at 555 (explaining that a complaint must offer more than labels or conclusions to state a claim for relief.) Plaintiff has provided no facts indicating that Defendant Ortiz had knowledge of the alleged harms Plaintiff experienced while incarcerated, nor acquiesced in any alleged misconduct. Plaintiff has also failed to provide facts establishing any pattern or practice which caused the alleged harms. Without facts establishing any form of personal involvement by Defendant Ortiz, the claim fails under Rule 8 of the Federal Rules of Civil Procedure. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that in order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible.") (citation omitted).

### b. Conspiracy Claims

In addition, Plaintiff's broad conspiracy claim similarly fails to state a claim upon which relief may be granted.[1] "In order to state a claim of conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right." *Adams v. City of Atl. City*, 294 F. Supp. 3d 283, 299 (D.N.J. 2018) (citation and quotation marks omitted). Here, Plaintiff states that the Defendants "conspired . . . by using psychologists to diagnose [Plaintiff] with mental diseases" and moved him back and forth between Essex County Jail and Ann Klein Forensic Facility. (ECF No. 49 at 6, 9.) Plaintiff simply has not pled facts sufficient to state a cognizable claim for conspiracy. He has not alleged any specific facts showing that there was an agreement between the parties, nor has he alleged how the actions of the Defendants were done to deprive Plaintiff of his constitutional rights. Plaintiff states, in a purely conclusory manner, that the Defendants "conspired" to harm him. These allegations are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (explaining that a plaintiff must plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Defendant Ortiz's Motion to Dismiss is granted. In addition, Plaintiff's conspiracy claim against all of the Defendants is dismissed for failure to state a claim for relief.

### B. Defendants Carolyn Murray, Elizabeth Connolly, Michael Marucci

The remaining named defendants in this matter are Carolyn Murray, the state prosecutor in Essex County in the underlying criminal matter, Elizabeth Connolly, Commissioner of the New

---

[1] Defendant Ortiz argues that Plaintiff's conspiracy claim is untimely. The Court declines to address the timeliness of Plaintiff's conspiracy claim, because there are insufficient facts and dates in the SAC to ascertain when the alleged conspiracy took place.

Jersey Department of Human Services, and Michael Marucci, the Deputy Public Defender who represented Plaintiff in the underlying criminal matter. In their combined Motion to Dismiss, Defendants Murray, Connolly, and Marucci argue that the SAC should be dismissed for failure to state a claim because: 1) they lacked personal involvement in the alleged harms; 2) Plaintiff cannot rest his claims on a theory of *respondeat superior*; 3) Plaintiff's claims are barred by the doctrine of *res judicata*; 4) a number of Plaintiff's claims are barred by the Supreme Court holding in *Heck v. Humphrey*, 512 U.S. 477, (1994); and 5) Plaintiff's false arrest claim is untimely. (ECF No. 58-3 at 12.) In addition, Defendant Murray argues that she is immune from liability under the doctrine of prosecutorial immunity, and Defendant Marucci argues that he did not act under color of state law as a public defender. (*Id.* at 23–25.) The Court agrees that Plaintiff has failed to state a claim for relief and grants their combined Motion to Dismiss.

Plaintiff makes various allegations related to his conditions of confinement, without identifying how these particular Defendants were involved in the alleged harms. As noted *supra*, a defendant must have personal involvement in the alleged wrongs to be liable in a § 1983 action. *See Baraka*, 481 F.3d at 210 (citation omitted). With respect to Defendant Connolly, Plaintiff states only that she should be liable under a theory of *respondeat superior* for being in charge of the agency that carried out the harms against him. (ECF No. 49 at 13.) Plaintiff has not provided facts demonstrating that Defendant Connolly was aware of any of the alleged harms. Plaintiff has not stated, for example, that he wrote to Defendant Connolly personally, or filed any grievances. Plaintiff attaches various documents to his SAC and his Response to the Motions to Dismiss, but these documents fail to cure the deficiencies in his SAC. The documents include letters he drafted to the Kenyan embassy, a letter to the District Court and a document detailing the outcome of a hearing on his involuntary medication administration. (*See* ECF Nos. 49-1, 59-1.) None of these

documents indicate that Defendant Connolly was aware of Plaintiff's complaints. Because Plaintiff has not provided facts alleging knowledge and acquiescence on the part of Defendant Connolly, the claims against her are dismissed.

The Court's analysis applies equally to Defendants Murray and Marucci. Apart from Plaintiff's conspiracy claim, which the Court dismissed above, Plaintiff has not alleged how the Defendants were involved in any of the alleged harms related to his conditions of confinement. To prevail on a conditions of confinement claim, an inmate must be able to allege, "(1) the prison official deprived the prisoner of the minimal civilized measure of life's necessities; and (2) the prison official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to her future health." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).

Here, even if the Court could find that Plaintiff has met the first prong outlined above, because he has not established that Defendants Murray and Marucci caused the purported harms, this claim fails to state a claim for relief. Nor can the Court conceive of how Defendants Murray and Marucci could have been personally involved in the conditions of Plaintiff's confinement. Per Plaintiff's original complaint, Defendant Murray is an Essex County prosecutor, and Defendant Marucci is a public defender. (*See* ECF No. 1 at 1.) While the Defendants may have been involved in Plaintiff's criminal prosecution, Plaintiff provides no facts establishing their involvement in any of the harms outlined in the SAC. Defendant Murray is additionally protected by absolute prosecutorial immunity and Defendant Marucci did not act under color of state law. *See Imbler v. Pachtman*, 424 U.S. 409, 424-30 (prosecutors enjoy common law immunity in §1983 matters in order to ensure they keep "the independence of judgment" required to perform their duties); *Polk*

*Cnty. v. Dodson*, 454 U.S. 312, 318-325 (finding public defender's immunity exists because their responsibilities are "in no way dependent on state authority").

Furthermore, Plaintiff filed a complaint raising the same issues which underly this action in *Saisi v. Jersey City Police Dept.*, 15-cv-2021 (SRC), which was before Judge Chesler in this District. In that matter, Judge Chesler dismissed the Complaint for pleading deficiencies similar to the ones noted in this Opinion. Lastly, Plaintiff's false arrest claims appear to be barred by the two-year statute of limitations, assuming the dates provided by Plaintiff in the Complaint.

Overall, it appears that Plaintiff is asserting that he was forced to take medication against his will, he was repeatedly moved between two jails, and suffered while awaiting his delayed trial. While these are all unfortunate experiences, without facts establishing that these harms were deliberately caused by the named Defendants, Plaintiff fails to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (facial plausibility of a pleading requires "more than a sheer possibility that a defendant has acted unlawfully" to show "that the pleader is entitled to relief"). Accordingly, the Motion to Dismiss is granted on all claims alleged in the SAC.

C. Amendment

Plaintiff has already been provided three opportunities to sufficiently plead his claims. In the Court's May 29, 2018 Memorandum Opinion granting the Defendants' second motions to dismiss, the Court cautioned that Plaintiff would be given one final opportunity to amend his pleading, and that failure to perfect his pleading would result in a dismissal of his *claims with prejudice*. (ECF No. 48 at 3–4.) Because Plaintiff has reasserted claims that have previously been dismissed, and he has failed, once again, to perfect his pleading, the dismissal of his claims is with prejudice. *See Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at * 7 (D.N.J. Nov. 21, 2014) (dismissing with prejudice after having afforded plaintiff three opportunities to perfect

pleading); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

IV. **CONCLUSION**

For the reasons set forth above, the Court GRANTS both motions to dismiss filed by the Defendants. In addition, Plaintiff's claims are dismissed WITH PREJUDICE. An appropriate order follows.

Date: May 30, 2019

Claire C. Cecchi, U.S.D.J.